**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TERRAL TOOLE, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:11-CV-3391-TWT-GGB |
| | : | |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner Terral Toole, an inmate at the United States Penitentiary in Atlanta, Georgia, has filed a habeas corpus petition under 28 U.S.C. § 2241. This matter is now before me for a review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").[1] For the reasons discussed below, I recommend that the petition be summarily dismissed.

---

[1] Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases. Rule 4 requires this Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts have the authority under Rule 4 to screen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**Background**

According to court records, Petitioner was sentenced on March 22, 2010, in the United States District Court for the Central District of California following a guilty plea to several counts of wire fraud and money laundering, 18 U.S.C. §§ 1343, 1957, 2. *See United States v. Toole*, 2:08-CR-746-JFW-2 (C.D. Cal. March 22, 2010). Petitioner filed this petition under 28 U.S.C. § 2241, alleging that the sentencing court ordered that he pay restitution without consideration of his financial ability to pay as required under 18 U.S.C. § 3664(a).

**Discussion**

Petitioner cannot show entitlement to relief under § 2241. The United States Court of Appeals for the Eleventh Circuit has held that a prisoner currently in custody cannot collaterally attack just the restitution part of his sentence by seeking habeas corpus relief under § 2241. *See Arnaiz v. Warden, Federal Satellite Low*, 594 F.3d 1326, 1328-30 (11th Cir. 2010). Petitioner is neither attacking the execution or duration of his sentence, nor the fact of the conviction for which he remains in custody. 28 U.S.C. § 2241(c)(1). Thus, he is not entitled to habeas corpus relief in this action.

AO 72A
(Rev.8/82)

## **Conclusion**

Based on the foregoing, **I RECOMMEND** that the instant action be **DISMISSED** under Rule 4. Because a federal prisoner does not require a certificate of appealability ("COA") to appeal the denial of a § 2241 petition, *see Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003), no COA recommendation is given in this matter under Rule 11(a) of the Rules Governing Section 2254 Cases.

**I ORDER** that Petitioner be granted *in forma pauperis* status for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED** this 14th day of September, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)